THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GARY E. SHELTON, Defendant-Appellant.

Fourth District   No. 4—90—0094

Opinion filed December 6, 1990.

Daniel D. Yuhas and M. Jeffrey Bergschneider, both of State Appellate Defender's Office, of Springfield, for appellant.

Charles G. Reynard, State's Attorney, of Bloomington (Kenneth R. Boyle, Robert J. Biderman, and James Majors, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

Following a jury trial in McLean County, defendant Gary E. Shelton was convicted of theft by possession over $300 (Ill. Rev. Stat., 1988 Supp., ch. 38, par. 16—1(a)(4)(C)) and theft by possession—subsequent offense felony (Ill. Rev. Stat., 1988 Supp., ch. 38, par. 16—1). The trial court entered judgment on the offense of theft by possession over $300, and defendant was sentenced to an extended six-year term of imprisonment to run consecutively with a four-year term of imprisonment previously imposed in McLean County case No. 89—CF—10. The charges against defendant alleged he knowingly obtained control over stolen property—furniture of the Fairfield Inn and building equipment of the Triple R Interior Construction Company. Defendant was found not guilty of two separate charges of burglary stemming from the same facts. Ill. Rev. Stat. 1987, ch. 38, par. 19—1.

On appeal, defendant raises the following issues: (1) whether he was proved guilty beyond a reasonable doubt; (2) whether he was denied a fair trial when evidence of other crimes was improperly introduced; (3) whether he was denied a fair trial when a statement he gave to the police officers was improperly admitted into evidence; (4) whether he was denied a fair trial when the State, in closing argument, made improper statements to the jury; (5) whether he was improperly sentenced to a consecutive term pursuant to section 5—8—4(h) of the Unified Code of Corrections (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—4(h)); (6) whether the trial court erred in sentencing by failing to take into account mitigating factors; and (7) whether the cause should be remanded so that a proper mittimus may be issued reflecting judgment was entered only on the offense of theft by possession over $300. We reverse and remand for a new trial, finding defendant was denied a fair trial when evidence of other crimes was improperly admitted. We address only the issues required to assist the trial court on remand.

At trial, Gary Retting testified he was the owner of the Triple R

Interior Construction Company and that between May and August 1988, his company was doing drywall work at the First Assembly of God Church in Normal. Sometime during that period, Retting noticed a pair of drywall stilts and a drywall banjo were missing from the site. In January 1989, Retting went to the Bloomington police department, where he identified a pair of stilts and a banjo as being similar to the items missing. Retting stated the fair market value for the pair of drywall stilts was $275, while the fair market value for the banjo was around $150.

Kenneth Tipton testified he was the general manager of the Fairfield Inn in Normal, and that between August and November 1988, the motel was in the process of being constructed. In January 1989, Tipton was contacted by the Bloomington police department concerning furniture which had been recovered. The furniture consisted of a chair, ottoman, two pictures, and two nightstands. Tipton identified the furniture as belonging to Fairfield Inn and estimated the value of the items to be between $400 and $600. The items had just been received from the warehouse at the time they were taken from the hotel, but were in very poor condition when recovered. Tipton further stated that very close to the time he was contacted by the Bloomington police department, he received a call from a male identifying himself as Gary Shelton. The male offered to pay for the items or to return them.

Roger Marsh testified he had known the defendant for about five years and characterized him as being a good friend. Marsh acknowledged that he took certain property from the First Assembly of God Church and from the Fairfield Inn, and subsequently took the property to a trailer he shared with defendant and defendant's girlfriend. Marsh put the drywall stilts underneath the trailer and the furniture in the living room of the residence. Marsh estimated the furniture was inside the trailer for three to four months before it was taken by the police. Everyone in the trailer, including defendant, used the furniture during this time.

Marsh testified defendant was not involved in the burglaries of Fairfield Inn or of the First Assembly of God Church. Marsh acknowledged that he made a statement on January 11, 1989, to Detective McKinley of the Bloomington police department in which he stated he and defendant took the items from the Fairfield Inn. Marsh also acknowledged that in his statement made on January 16, 1989, to Detective Richard Barkes, he also indicated defendant was involved in the church burglary. In his statement made on the same date to Frank Zayas of the Normal police department, Marsh stated defend-

ant was involved in the Fairfield Inn burglary. Marsh identified People's exhibit No. 1 as a photograph of the drywall stilts and the banjo taken from the church, and People's exhibit Nos. 2 through 5 as photographs of the property taken from the Fairfield Inn. At the time of testifying, Marsh had pleaded guilty to the two burglaries and received a sentence of probation.

On cross-examination, Marsh stated he had been living with defendant in a trailer in Lexington, Illinois, for about 18 months. Marsh considered the trailer his home as well as defendant's. When Marsh first moved into the trailer, he brought personal belongings and from time to time, as he lived there, brought in other items which were not necessarily obtained from burglaries. Marsh indicated he told the police defendant was involved in the burglaries because he and defendant were fighting at the time, and because he was scared and thought it would be better for his case if he implicated someone else. Marsh chose to pinpoint defendant because the stolen property was in the trailer they shared together. Since the time he made these statements, Marsh had a change of heart because he did not want to see an innocent man go to jail. Marsh had told defendant the furniture had been obtained from yard sales.

Officer Richard Barkes of the Bloomington police department testified that in the course of investigating a burglary of the Fairfield Inn, he went to the trailer at which Marsh was staying in January 1989. Upon observing furniture he suspected had been stolen from the Fairfield Inn, Barkes transported Marsh to the Bloomington police department, where Marsh gave a written statement. In the statement, Marsh indicated defendant was his accomplice in the Fairfield Inn burglary. Based on the information contained in Marsh's statement, a search warrant was obtained and executed for the trailer. At this time, the property from the Fairfield Inn and the drywall equipment from the Triple R Interior Construction Company were recovered. These items were taken into custody.

On February 12, 1989, Barkes took a written statement from defendant. In this statement, which was introduced at trial as People's exhibit No. 9, defendant denied involvement in the burglaries of the drywall equipment and the furniture. Defendant stated Marsh and Ron Townscend brought the furniture into his trailer, at which time Marsh indicated he wanted to leave it in the trailer until he obtained a place of his own. Defendant stated he learned from Roy Potter the items were stolen, and that while he let the property stay in his trailer, he was going to dispose of it when he got home from work. Barkes further testified he took a written statement from Roger

Marsh on January 16, 1989, concerning the burglary of the church. In this statement, People's exhibit No. 7, Marsh admitted his involvement in the burglary and stated defendant was also involved.

On cross-examination, Barkes indicated he first learned about the burglaries, as well as Marsh's and defendant's involvement, from Ron Townscend, who was an inmate in the county jail. It was based upon this information that Barkes went to the trailer where he observed the furniture set up in the living room area. Pursuant to the search warrant, the drywall equipment was found in a storage room behind the living room.

Officer Randy McKinley of the Bloomington police department testified that on January 11, 1989, he took a written statement from Marsh in which Marsh implicated himself and defendant in the burglary of the Fairfield Inn. In this statement, which became People's exhibit No. 6, Marsh described the items taken in the burglary of the motel. Officer Frank Zayas of the Normal police department testified that in January 1989, he took a statement from Marsh. In that statement, which became People's exhibit No. 8, Marsh indicated he and defendant committed the burglary at Fairfield Inn.

Defendant did not testify, and the defense offered no evidence.

Defendant contends he was denied a fair trial when evidence of other crimes was improperly introduced to the jury. Specifically, defendant cites that a prior conviction for burglary was disclosed to the jury in direct contravention of section 16—1(b)(2) of the Criminal Code of 1961 (Code) (Ill. Rev. Stat., 1988 Supp., ch. 38, par. 16—1(b)(2)). We agree with defendant that the introduction of his prior conviction was in contravention of section 16—1(b)(2) of the Code and merits reversal.

■ Section 16—1(b)(2) of the Code provides:

"A person who has been convicted of theft of property not exceeding $300 in value, other than a firearm and not from the person, who has been previously convicted of any type of theft, robbery, armed robbery, burglary, residential burglary, possession of burglary tools or home invasion is guilty of a Class 4 felony. When a person has any such prior conviction, the information or indictment charging that person shall state such prior conviction so as to give notice of the State's intention to treat the charge as a felony. *The fact of such prior conviction is not an element of the offense and may not be disclosed to the jury during trial unless otherwise permitted by issues properly raised during such trial.*" (Emphasis added.) Ill. Rev. Stat., 1988 Supp., ch. 38, par. 16—1(b)(2).

Immediately prior to closing arguments, the court made the following statement to the jury:

"Ladies and gentlemen, the exhibit, People's Exhibit Number 10 reads as follows: 'The Defendant was convicted of the felony criminal offense of burglary in McLean County Case 84 CF 117 on July 12, 1984.' "

Thereafter, in its closing arguments, the State made the following remarks:

"Now concerning the final charge, the theft as a subsequent offense, really that comes into play if you should not find that the value of the property was in excess of $300. Again, I don't believe that is the real issue here, but to prove that, we must prove the same elements basically as the other except that as an additional element, the Defendant had previously been convicted of the offense of burglary, and Judge Witte already indicated that was, in fact, the case. He was already convicted of that offense."

During its deliberation, the jury sent to the court a note, which stated as follows:

"Is the burglary referred to in the 4th tennent [sic] of the 'subsequent offense' the current charges or previous (1984?) charges."

The court responded with a written court's instruction No. 1, which stated:

"Ladies and Gentlemen of the Jury: The burglary referred to in the fourth proposition of the issue instruction for the charge of theft—subsequent offense refers to the prior burglary conviction of the defendant in 1984."

■ Defendant did not object to the introduction of his prior burglary conviction at trial or in a post-trial motion. Failure to raise an issue at trial or in a post-trial motion waives the issue for appeal. (*People v. Enoch* (1988), 122 Ill. 2d 176, 522 N.E.2d 1124, *cert. denied* (1988), 488 U.S. 917, 102 L. Ed. 2d 263, 109 S. Ct. 274.) We review this issue under the limited exception to the waiver rule which allows a reviewing court, in its discretion, to consider plain errors or defects affecting substantial rights. 107 Ill. 2d R. 615(a).

■ The trial judge, the prosecutor, and defense counsel all apparently believed it was permissible and perhaps even necessary to disclose the defendant's prior conviction for burglary. The disclosure was violative of the statute and, in this case, the error in disclosing defendant's previous burglary conviction cannot be considered harmless. The evidence connecting defendant to the offenses was purely

circumstantial and depended upon the contradicting statements of Roger Marsh. The evidence of defendant's guilt was not so overwhelming as to render the introduction of defendant's prior conviction harmless. It also cannot be said the jury might have ignored the disclosure of defendant's prior conviction in their deliberations. The jury's specific note referring to the previous burglary conviction indicates otherwise. For these reasons, we reverse on this issue and remand for a new trial.

We address the other issues raised by defendant to the extent that they may recur on retrial. We do not agree with defendant's contention he was denied a fair trial by the introduction of a pretrial statement which, he alleges, constituted hearsay and not an admission. We also do not agree with defendant's contention he was denied effective assistance of counsel by his attorney's failure to object to the introduction of this statement.

The statement in question occurred in the pretrial interview between Officer Barkes and defendant, which was admitted to the jury as People's exhibit No. 9. The statement included:

> "Barkes: Gary, also taken from your residence was a pair of Dry wall walking stills and a dry wall banjo. What can you tell me about this item?
>
> Shelton: I know that Roger and Ron Townscend brought them over and I found out later that they stole them from somewhere. Roy Potter was telling me that Roger was bragging about all the stuff that he had stole.
>
> * * *
>
> Barkes: Gary what can you tell me about some living room furniture that was located in your trailer?
>
> Shelton: Well, it was again brought over by Roger Marsh and Ron Townscend. Roger stated he had no use for it and that he wanted me to keep it for a while.
>
> Barkes: Gary, when did you learn that this furniture was stolen?
>
> Shelton: By Roy Potter.
>
> Barkes: Gary, once you knew that the property was stolen, you still elected to let the property to stay in your trailer didn't you?
>
> Shelton: Yes, but I was going to dispose of it when I came home from work."

In the same statement, defendant denied any involvement in the burglary or thefts.

An admission is a statement of conduct from which guilt may

be inferred, when taken in connection with other facts, but from which guilt does not necessarily follow. (*People v. Stewart* (1984), 105 Ill. 2d 22, 473 N.E.2d 840.) Here, guilt may be inferred from defendant's statement indicating he knew the property was stolen when that statement is taken in connection with all the other evidence received in this case. The statement was an admission and not objectionable under the rule of hearsay.

■ We do not find defense counsel's failure to object to this statement denied defendant of the effective assistance of counsel. Defendant was on trial not only for theft, but also for burglary. In his interview with Officer Barkes on February 12, 1989, defendant denied participating in the burglaries. Defendant did not testify at trial. Admission of the statement made to Officer Barkes allowed the only evidence of defendant's denial of the burglaries. Given the jury's verdict of not guilty as to the two separate counts of burglary, it is illogical to contend defense counsel was ineffective on this matter.

For the purposes of resentencing, we note it would be inappropriate to apply section 5—8—4(h) of the Unified Code of Corrections in determining defendant's sentence should be consecutive to his sentence previously imposed in McLean County case No. 89—CF—10.

■ Section 5—8—4(h) of the Unified Code of Corrections provides:

"If a person charged with a felony commits a separate felony while on pre-trial release or in pretrial detention in a county jail facility or county detention facility, the sentences imposed upon conviction of these felonies shall be served consecutively regardless of the order in which the judgments of conviction are entered." Ill. Rev. Stat., 1988 Supp., ch. 38, par. 1005—8—4(h).

■ Defendant contends in the instant case if he actually committed the offense of theft by possession, it was *prior* to posting bond in case No. 89—CF—10, the sentence to which this sentence was made consecutive. The State contends defendant's possession of the items was a continuous offense meriting the application of section 5—8—4(h). We agree with defendant. The docket sheet from case No. 89—CF—10 reflects defendant posted bond in case No. 89—CF—10 on January 9, 1989; pleaded guilty to the offense of theft by possession on July 27, 1989; and was sentenced to a term of four years' imprisonment on October 2, 1989. In the instant case, the search warrant on defendant's trailer was executed on January 12, 1989, though the evidence at trial indicated the property was discovered missing from Triple R Construction sometime between May and August 1988, and

from Fairfield Inn sometime between August and November 1988. On direct examination, Roger Marsh stated the furniture had been inside the trailer three or four months before it was taken by the police. For the purposes of this statute, possession is not a continuous offense and defendant did not "commit" the offense of theft by possession in the instant case while on pretrial release in case No. 89—CF—10. The trial court erred in finding that it was mandatory it impose consecutive terms for the two sentences pursuant to section 5—8—4(h).

■ For the reasons stated, we reverse the conviction and remand the case for a new trial. Insofar as defendant's reasonable doubt argument, we have reviewed all of the evidence, and we conclude the evidence admitted at trial was sufficient for a jury to conclude defendant was guilty beyond a reasonable doubt. We are not making a finding as to defendant's guilt or innocence which will be binding on retrial, but our consideration of the sufficiency of the evidence admitted at trial will protect defendant's constitutional right against double jeopardy. See *People v. Taylor* (1979), 76 Ill. 2d 289, 309-10, 391 N.E.2d 366, 375.

Reversed and remanded.

SPITZ and McCULLOUGH, JJ., concur.